IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01428-BNB

RAUL HURTADO MARQUEZ, DOC #101144,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTION, Corporation,
COLORADO STATE PENITENTIARY, Corporation, and
WARDEN SUSAN JONES,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Raul Hurtado Marquez, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City. Mr. Marquez initiated this action by filing a *pro se* Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

    Mr. Marquez has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

    The Court must construe the complaint liberally because Mr. Marquez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Marquez is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

In the complaint, which is rambling and largely unintelligible, Mr. Marquez asserts three claims. In general, he complains that Defendants have "plaintiff deadlocked with cyberattacking air surveillance system of their defense facilitys [sic] since plaintiff [sic] birth 1972." Complaint at 3. He further asserts that this "remote control weapon caused a life of character assassination in State of Colorado."[1] *Id.* at 4. As relief, Plaintiff seeks his immediate release, expungement of all public records, $500,000 "googolplex dollars," and "disarmament of air surveillance deadly weapon." *Id.* at 8.

A complaint is frivolous under § 1915 if it "lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325. However, the Court may not dismiss a claim as frivolous just because it would be dismissed under Rule 12(b)(6), *id.* at 328, or because it finds the plaintiff's factual allegations to be "unlikely." *Denton v. Hernandez*, 504

---

[1] The Court notes that Plaintiff has previously raised similar allegations of a satellite weapon implanted in his brain in the following cases: *Marquez v. Jones*, No. 10-cv-00887-ZLW, *Marquez v. Robbinson, et al*, No. 10-cv-01266-BNB, *Marquez v. Zavaras, et al*, No. 10-cv-1270-ZLW, and *Marquez v. Reyes, et al*, No. 10-cv-01281-ZLW. Moreover, in *Marquez v. Zavaras, et al*, No. 10-cv-01268-ZLW, Mr. Marquez alleged that a satellite weapon had caused his mother's death.

U.S. 25, 33 (1992). Instead, it must be the kind of suit that "paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke*, 490 U.S. at 327. A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Id.* In addition, a claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id.* at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. The Court finds Mr. Marquez's allegations that Defendants have implanted a satellite weapon in his brain are factually frivolous because they are "wholly incredible." *Id.* Accordingly, it is

ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __23rd__ day of __June__, 2010.

BY THE COURT:

*(signature)*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01428-BNB

Raul Marquez
Prisoner No. 101144
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/23/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk